IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEO WILLIAM THOMPSON,           )
      ID # 2238303,               )
         Petitioner,           )
vs.                           )    No. 3:20-CV-0103-C-BH
                            )
LORIE DAVIS, Director, Texas      )
Department of Criminal Justice,    )
Correctional Institutions Division,   )
        Respondent.         )    Referred to U.S. Magistrate Judge[1]

MEMORANDUM OPINION AND ORDER

Before the Court is the petitioner's *Motion for Appeal Bond,* received August 24, 2021 (doc. 27).  Based on the relevant filings and applicable law, the motion is **DENIED.**

Leo William Thompson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice correctional facility in Bridgeport, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the 413th District Court of Johnson County, Texas, for possession of a controlled substance, and the revocation of his probation for theft of property on November 28, 2018.  (*See* doc. 3 at 2; doc. 18 at 3-4.)[2]  He now seeks to be released on bond pending determination of his habeas petition, citing the Texas Code of Criminal Procedure.  (*See* doc. 27 at 2.)

There are no federal statutes or rules that authorize federal district courts to grant a state prisoner release pending determination of a federal habeas corpus petition.  *See In re Wainwright,* 518 F.2d 173, 174 (5th Cir.1975) (per curiam).  Despite the "lack of specific statutory authorization," however, federal district courts have inherent power and jurisdiction to release

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

prisoners, including state prisoners, on bail pending that determination. *See id.*[3]  In order to show

entitlement to release pending determination of his federal habeas petition, a state prisoner must

show either that he "has raised substantial constitutional claims upon which he has a high probability

of success," or that "extraordinary and exceptional circumstances exist which make the grant of bail

necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.

1974) (per curiam)[4]; *see also Nelson v. Davis,* 739 F. App'x 254 (5th Cir. 2018) (per curiam)

(applying *Calley* standard to denial of bail pending determination of a state prisoner's § 2254

petition); *Watson v. Goodwin,* 709 F. App'x 311 (5th Cir. 2018) (per curiam) (same); *Beasley v.*

*Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same).  *Nelson* noted that examples of "extraordinary

circumstances" justifying release, including "'serious deterioration of the petitioner's health while

incarcerated'; where a short sentence for a relatively minor crime is 'so near completion that

extraordinary action is essential to make collateral review truly effective'; and possibly where there

has been an 'extraordinary delay in processing a habeas corpus petition.'"  739 F. App'x at 255

(quoting *Calley*, 496 F.2d at 702 n.1).

Here,"[r]egardless of the merits of [Petitioner's] claims, on which the district court has not

yet ruled, [he] has not shown the existence of any 'extraordinary or exceptional circumstances'

necessitating his release on bond to make the post-conviction remedy effective." *United States v.*

*Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. 2001) (*per curiam*).  Petitioner has not

---

[3]  In *Wainright*, the Fifth Circuit Court of Appeals "observe[d] without deciding that it that it is probably within the power of a United States magistrate [judge] to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." *Id.* at n. 1 (citing 28 U.S.C. § 636(a)(1)).

[4]  The Fifth Circuit has noted that although *Calley* involved a habeas petitioner whose underlying conviction was in the military court system, it drew the legal standard in that case from *Aronson v. May*, 85 S.Ct. 3 (1964), which involved a civilian challenging his convictions in federal district court. *See United States v. Pfluger,* 522 F. App'x 217, 218 n. 1. (5th Cir. 2013) (per curiam).

alleged any exceptional or "extraordinary circumstances" such as those identified in *Calley*, or any circumstances similar or analogous to the examples set out in that case.  The motion for release on bond is **DENIED**.

      **SIGNED this 26th day of August, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE