IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEO WILLIAM THOMPSON, )<br>    ID # 2238303, )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:20-CV-103-C-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 15, 2020 (doc. 3), should be **DISMISSED** without prejudice for lack of jurisdiction.

### I.    BACKGROUND

Leo William Thompson (Petitioner), a former inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 convictions and 2018 parole revocation in Johnson County, Texas. (*See* doc. 3 at 2, 6-7.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

After being charged by indictment, Petitioner pleaded guilty under a plea agreement in August 2016 to one count of possession of a controlled substance less than one gram, enhanced (Count One), and one count of theft of property less than $2,500 with two previous convictions,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

enhanced (Count Two), in Case No. F50692 in the 413th Judicial District Court of Johnson County, Texas; he also pleaded true to the enhancement paragraphs set forth in the indictment. (*See* doc. 21-9 at 8-11, 15-16.) By judgments filed on August 11, 2016, he was sentenced to three years' imprisonment in the TDCJ-CID on Count One, and to a probated term of 10 years' community supervision on Count Two. (*See id.* at 19-25.) Petitioner did not appeal the judgment. (*See* doc. 3 at 3.)

Petitioner's first and second state habeas applications were received by the trial court on April 19, 2018, and April 27, 2018, respectively, and the Texas Court of Criminal Appeals denied and dismissed them with written order on June 6, 2018. (docs. 21-3, 21-7, 21-8, 21-10; doc. 21-9 at 26-43; doc. 21-12 at 26-43.) On July 27, 2018, Petitioner's first federal habeas petition under § 2254 challenging his convictions was received. *See Thompson v. Davis*, No. 3:18-cv-1924-N-BN, 2018 WL 4328022 (N.D. Tex. Aug. 15, 2018), *rec. adopted*, 2018 WL 4305300 (N.D. Tex. Sept. 10, 2018). The petition was dismissed as barred by the statute of limitations on September 10, 2018. (*See* No. 3:18-cv-1924-N-BN, doc. 12.) The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied a certificate of appealability. (*See id.*, doc. 15.)

On November 15, 2018, Petitioner's probation on Count Two was revoked for violation of the terms and conditions of his community supervision, and he was sentenced to 10 years' imprisonment in the TDCJ-CID. (*See* doc. 21-14 at 49-51.) His third state habeas application, received by the trial court on April 5, 2019, challenged his convictions and probation revocation. (*See id.* at 53-63.) It was dismissed by the Texas Court of Criminal Appeals on August 7, 2019, for non-compliance with Texas Rule of Appellate Procedure 73.1. (*See* doc. 21-13.) He filed a second federal habeas petition under § 2254 challenging his convictions and probation revocation that was received on August 16, 2019. *See Thompson v. Davis*, No. 3:19-cv-1957-M-BN, 2019

2

WL 4602955 (N.D. Tex. Aug. 21, 2019), *rec. adopted*, 2019 WL 4597582 (N.D. Tex. Sept. 23, 2019). On September 23, 2019, his second § 2254 petition was dismissed without prejudice for failure to exhaust state court remedies. (*See* No. 3:19-cv-1957-M-BN, doc. 8.) While his second § 2254 petition was pending, Petitioner's fourth state habeas application challenging his convictions and parole revocation was received by the trial court on September 9, 2019. (*See* doc. 21-17 at 54-72.) The Texas Court of Criminal Appeals denied the fourth application without written order on October 16, 2019. (*See* doc. 21-15.)

    Petitioner challenges his state convictions and parole revocation on the following grounds:

    (1) Void Indictment, Violation of the Fifth and Fourtheen [sic] Amendment of U.S. Constitution;

    (2) Void Judgement [sic], Violation of the 14th amendment of U.S. Constitution;

    (3) Fatal Variance and Constructive amendment of indictment; and

    (4) Conflict of interest – with attorney of record at Probation Revocation.

(doc. 3 at 6-7.) Respondent filed a response on May 27, 2020. (*See* doc. 18.) Petitioner filed a reply on June 18, 2020. (*See* doc. 22.) After the parties fully briefed this case, Petitioner filed a fifth state habeas action, received by the Texas Court of Criminal Appeals on September 23, 2021, that was denied without written order on October 6, 2021. *See Ex parte Thompson*, No. WR-88,418-05 (Tex. Crim. App. Oct. 6, 2021).

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d

912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner's first three grounds challenge the same convictions and sentences that he challenged in a prior federal petition that was denied on its merits.[3] (*See* doc. 3 at 2, 6-7);

---

[3] A dismissal based on the statute of limitations, as in Petitioner's first federal habeas petition, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam).

4

*Thompson*, 2018 WL 4328022, at *1, 3-4.  Under *Hardemon* and *Crone*, he was required to present all available claims in that petition.  A claim is available when it "could have been raised had the petitioner exercised due diligence."  *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions and sentences that was decided on its merits.

Petitioner's first three claims challenge the validity of the indictment in his criminal case, and he raised or could have raised these claims in his prior federal petition decided on the merits. The § 2254 petition is therefore successive within the meaning of 28 U.S.C. § 2244(b).  The record indicates that the factual basis for Petitioner's fourth claim alleging ineffective assistance of counsel at his probation revocation hearing on Count Two would not have been known at the time his first federal habeas petition was dismissed on limitations grounds.[4]  This action is not rendered non-successive, however, merely because Petitioner may be a raising claim that could not have been raised in his prior federal petition.  The statute specifically restricts the filing of a second or successive *application*.  *See* 28 U.S.C. § 2244(b)(3).  The Fifth Circuit has specifically determined that an application is second or successive when it raises a claim that was or could have been raised in an earlier petition.  *See Crone,* 324 F.3d at 837-38; *In re Cain,* 137 F.3d at 235.  "A 'mixed-application' that contains both claims that could have been raised previously and claims that could

---

[4] The state court records show that the state moved for revocation of Petitioner's probated term of community supervision on September 26, 2018, approximately two weeks after Petitioner's first § 2254 petition was dismissed, based on Petitioner's violation of the terms and conditions of his community supervision on September 25, 2018. (*See* doc. 21-14 at 28-29.)  It therefore appears that Petitioner would have known the factual predicate for his ineffective assistance of counsel claim no earlier than the date of his alleged violation of his community supervision.

5

not have been so raised is nevertheless successive." *Cooper v. Cockrell,* No. 3:03CV596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *see also Ramos v. Davis*, 653 F. App'x 359, 364-65 (5th Cir. 2016) (recognizing that inclusion of a successive claim in a petition with a non-successive claim would render the petition successive); *Hurley v. Quarterman*, No. 3:08-CV-0966-G (BH), 2009 WL 255988, at *4 (N.D. Tex. Feb. 2, 2009). Accordingly, although the current § 2254 petition may include a claim that could not have been asserted in a prior federal habeas action due to a lack of knowledge, such inclusion does not affect whether the petition is successive.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding

that the petition is successive." *Id.* Here, because Petitioner has repeatedly raised his successive claims in state and federal habeas petitions, and because he has since been released from imprisonment with the TDCJ-CID, dismissal, rather than transfer, is warranted.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 15, 2020 (doc. 3), should be **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 15th day of December, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE